BUTLER v. DODSON.

Opinion delivered April 30, 1906.

SALE OF CHATTEL WITH RESERVATION OF TITLE—ELECTION OF REMEDIES.—
A vendor of chattels who has reserved title until the purchase price is
paid has, upon default in payment thereof, a right to make an election
among two remedies, towit: (1) he may retake the property, and thus
in effect cancel the debt; or (2) he may sue to recover the debt, and
thus affirm the sale and waive the reservation of title.

Appeal from Ashley Circuit Court; *Zachariah T. Wood,*
Judge; reversed.

STATEMENT BY THE COURT.

In November, 1902, T. M. Dodson & Son brought an action
in the Ashley Circuit Court against Joseph Meehan to recover
a balance due on account held by them against him amounting
to $3,121.63, which they alleged was past due and unpaid. They
also sued out a writ of attachment against the defendant on the
ground that he was a nonresident of the State, and that he had
sold and disposed of his property with the fraudulent intent to
cheat his creditors. The summons was duly served on the
defendant, Meehan, and the writ of attachment was levied by the
sheriff upon 25 head of mules, four horses, four wagons, and
other personal property belonging to defendant, which property
the sheriff took possession of by virtue of the writ. The plaintiff
thereupon gave notice and applied to the circuit judge in vaca-
tion for an order for the sale of the property, which order was
made, and the property sold. At the January term of the court
Mrs. Malinda M. Plair filed an intervening petition, in which she
alleged that the property attached belonged to her, and asked
judgment for the proceeds of the same and for damages.

At the same term of court the death of the defendant,
Mehan, was suggested and admitted, and Turner Butler was
appointed by the court administrator of his estate *ad litem.* The
administrator *ad litem* afterwards filed an answer to the com-
plaint, controverting the grounds of attachment alleged.

The plaintiffs also filed an answer to the intervening petition
of Malinda Plair in which they denied that she was the owner
of the property attached, and alleged that her only claim to it
was by virtue of a mortgage executed to her by Joseph Meehan

and wife conveying the same to her as security for the sum of $2,213, which they pretended to owe her, and for which they executed to her a note and mortgage, dated October 27, 1902. Plaintiffs alleged that this note and mortgage were based on no actual consideration, and that they were fraudulent and void, being intended to shield the property of Meehan against his creditors.

Nothing further seems to have been done in the case until a year later, at the January term, 1904, when plaintiffs filed an amended answer to the intervening petition of Mrs. Plair, in which they alleged that eighteen of the mules, together with two wagons and nine scrapers which were attached and sold by the sheriff under the order of the court as property of Meehan, were at one time the property of plaintiff, and that plaintiffs sold the mules, wagons and scrapers to Meehan for the aggregate sum of $2,442.50, and by agreement with Meehan retained title thereto until the purchase price was paid, and that the price named is included in the account sued on by plaintiff. They alleged that the mortgage under which the intervener claimed the property was fraudulent and void as to plaintiffs, but asked that if the court should be of the opinion that it was valid it be canceled and held for naught so far as the property, the title to which was retained by plaintiffs.

In conclusion they asked that the case be transferred to the court of equity.

No action seems to have been taken on the application to transfer to the equity docket, and the case was tried at law before a jury at the same term of court.

The court, over the objection of the intervener, gave the following among other instructions to the jury, towit:

"The jury are instructed that if they find that T. M. Dodson & Son were the owners of a part of the property attached and sold by the sheriff of Ashley County under and by virtue of a writ of attachment sued out by Dodson & Son against Meehan, and at the time of suing out of said attachment said Meehan had not paid the said T. M. Dodson & Son the contract price of said property, and that the same at said time was past due, your verdict, as to said property in which Dodson & Son had retained title, will be for the plaintiffs, Dodson & Son, notwithstanding

you may believe from the evidence that said deed of trust was free from fraud, and that said property was levied on and sold by the sheriff of Ashley County under said attachment."

The jury returned the following verdict: "We the jury find that the attachment was wrongfully issued. We find for Dodson & Son eighteen head of mules, two wagons and nine scrapers, which they retained title to, of the value of $1,850; and sustain the mortgage given by Meehan to Mrs. Plair, the intervener, for seven mules valued at $700, two horses valued at $75 each, and two colts, one valued at $60, and one valued at $30, as given in evidence, making a total of $940.

"W. W. ETHERIDGE, Foreman."

In reply to special interrogatories by the court the jury answered that Meehan at the time the action was commenced owed plaintiffs $1,840, that plaintiffs sold property to Meehan and retained title thereto as alleged, and that Meehan had not paid for it.

The court thereupon gave judgment in favor of T. M. Dodson & Son against the estate of Joseph Meehan for the sum of $1,840 with costs, and in favor of intervener, Malinda Plair, against the estate of Meehan for $940 and costs, and adjudged that the money in the hands of the sheriff arising from the sale of the attached property be divided between the plaintiffs, T. M. Dodson & Son, and Malinda Plair in proportion to the amounts for which they recovered judgments against Meehan, and credited on their respective judgments accordingly. The court also gave judgment in favor of Mrs. Plair against the plaintiffs, Dodson & Son, for all her costs, and gave judgment in favor of the administrator ad litem against the plaintiffs, T. M. Dodson & Son, for all costs of the attachment.

The intervener, Mrs. Plair, and the administrator ad litem filed motions for new trial, which being overruled both of these parties appealed. Dodson & Son took an appeal.

*George W. Norman* and *P. T. Butler,* for appellant.

1. The testimony of Mrs. Mehan was competent. Kirby's Digest, § 3095, par. 4; 1 Greenl. Ev. (12 Ed.), § 254, 338; 29 Ark. 603; 70 *Id.* 54; 43 *Id.* 314, 315.

2. The rejected testimony of Mrs. Plair was also competent. 43 Ark. 307; 46 *Id.* 306; 46 *Id.* 378; 63 *Id.* 556.

3. The court erred in admitting testimony of transactions and statements made by defendant's intestate, not elicited by the opposite party. 32 Ark. 337; 30 *Id.* 285; 48 *Id.* 133; 67 *Id.* 318.

4. Also in admitting hearsay testimony of H. J. Robinson. The books of original entry were the best evidence, and were not produced, and no valid reason shown why not.

5. The court also misdirected the jury, there being no evidence to support same. It was error to refuse the 13th prayer by defendant and intervener. In order to assert title to the property by reason of a sale to defendant and reservation of title in plaintiffs until the purchase money was paid, the relation of vendor and vendee must have subsisted between them and defendant. 39 Ark. 438; 30 *Id.* 402; 48 *Id.* 160; 49 *Id.* 63; 55 *Id.* 642; 47 *Id.* 363; 48 *Id.* 273; 52 *Id.* 164; 61 *Id.* 240; 68 *Id.* 230.

6. By attaching, etc., plaintiffs waived any title they had, and will be deemed to have elected to treat the sale as absolute. 64 Ark. 213; 42 *Id.* 236; 69 *Id.* 271; 26 So. Rep. 136.

7. If the credit had been applied to the mule debt, it would have been paid with a balance over to be applied to other indebtedness. See 39 Ark. 249; 38 *Id.* 167; 52 *Id.* 458; 56 *Id.* 139; 40 *Id.* 102; 55 *Id.* 450; 70 *Id.* 29.

RIDDICK, J., (after stating the facts.) There are in this case two appeals, one by the administrator *ad litem* of the estate of Joseph Meehan, the other by Mrs. Malinda M. Plair. The appeal of the administrator *ad litem* brings before us for review the trial and judgment against the estate of Meehan in favor of plaintiff for $1,840. The testimony tends to show that Meehan was indebted to the plaintiffs for mules, horses and other property sold to him by them for a considerable sum. The complaint alleges this sum to be $3,121.63 and that no part of this debt had been paid.

The plaintiffs introduced at least some competent evidence tending to prove his debt, and this evidence was not contradicted. We see no reason for reversing this judgment in favor of plaintiffs, even if it be conceded that the court admitted incompetent evidence in support thereof, for strike all of that out, and the undisputed evidence remaining not only supports this judgment, but shows that plaintiffs were entitled to a greater sum than that for which they recovered judgment. They did not appeal,

and the administrator *ad litem* of Meehan has no right to complain that the judgment against him is less than the proof shows Meehan owed. The judgment in favor of plaintiffs against the estate of Meehan for $1,840 will therefore be affirmed.

The appeal of both of these defendants presents a number of questions in reference to the rulings of the trial court on admission of evidence tending to show that plaintiffs had reserved title to eighteen mules and to other property attached by them. It will not be necessary to discuss these rulings on the admission and rejection of evidence bearing on this claim of reservation of title for the reason that we are of the opinion that the question of reservation of title can not be considered in this case, for this is not an action to recover the property, but to recover the purchase price thereof. When this debt became due and was unpaid, the vendors, T. M. Dodson & Son, if they had reserved title until the price was paid, had their election to take either of two courses. They could elect to retake the property, and thus in effect cancel the debt, or they could bring their action to recover the debt, and thus affirm the sale and waive the reservation of title. They chose the latter course, brought their action for the debt, and attached the property as belonging to defendant. By doing so they waived the right to claim the property as their own, and all the evidence admitted to show a reservation of title was improperly admitted, and the instructions given on that point were erroneous and prejudicial, because under the pleadings that question was not before the court for decision. *Jones* v. *Daniels,* 67 Ark. 206; *Baker* v. *Brown Shoe Co., ante,* p. 501.

If the action to recover the debt had been brought in ignorance of the fact that the defendant had mortgaged all his property to the intervener, Mrs. Plair, then it is possible that if plaintiffs, on discovery of that fact, had promptly dismissed their action for the debt, and elected to retake the property, the courts might have permitted them to do so. *Jones* v. *Daniels,* 67 Ark. 206. But nothing of that kind was done. The plaintiffs are still claiming their debt, and now have a judgment for the same, and in our opinion their reservation of title has been completely waived, and is no longer a question in the case. Plaintiffs have now only a claim for their debt. The defendant

is dead; and as the attachment levied by plaintiff has been dissolved, and plaintiffs have taken no appeal, plaintiffs have no lien on the property or proceeds thereof. They have only a judgment against the estate of the defendant, upon which no execution can be issued against the property of the estate, and the order of the court directing that a certain proportion of the money arising from the sale of the attached property be turned over to plaintiffs was, under the view we take of the facts, erroneous. This money belongs to the estate of Meehan unless the mortgage to Mrs. Plair is valid; and if that be so, then so much of it as arose from the proceeds of the sale of mortgaged property is subject to the payment of the mortgage debt. But, while the jury sustained this mortgage, they did not determine the amount of the mortgage debt. As the attachment brought by the plaintiffs was dissolved, and as their reservation of title has been waived, the question now as to who is entitled to the money arising from the sale of the attached property is one between the intervener, Mrs. Plair, and the estate of Meehan.

After consideration of the matter, we are of the opinion that the judgment in favor of plaintiffs for $1,840 should be affirmed; that in other respects the judgment should be reversed, and the cause remanded for further proceedings to determine the amount due on the mortgage of Mrs. Plair, that, upon such amount being ascertained, the money in the hands of the court be applied to the payment of the same, and that the balance of the money, if any, be turned over to the administrator or legal representatives of Joseph Meehan, deceased. It is so ordered.