NASHVILLE LUMBER COMPANY *v.* ROBINSON.

Opinion delivered July 12, 1909.

SALE OF CHATTELS—RESERVATION OF TITLE—ELECTION—Where a vendor of chattels, having reserved title until payment of the purchase money, made its election to retake the property, it will be held to have canceled the debt, and cannot thereafter sue to enforce same.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

STATEMENT BY THE COURT.

This was a suit by appellant against the appellees on an instrument evidencing the sale and purchase of certain household and kitchen furniture and utensils. The instrument, omitting the description of the articles sold, is as follows:

"$224.30.                    Nashville, Ark., November 1, 1907.

"On or before the 30th day of November, 1907, for value received we promise to pay to the Nashville Lumber Company Store or order at Nashville, Arkansas, $224.30 with interest at ten per cent. per annum from date until paid. The express condition of the sale and purchase: [here follows the description of the articles sold] for which this note is given, is such that the title, ownership and possession does not pass from the said Nashville Lumber Company Store until this note and interest is paid in full, and the said Nashville Lumber Company Store has the power to declare this note due and take possession of the above property whenever they deem themselves insecure, even before the maturity of this note, and sell the same at public or private sale without notice. The proceeds (after the expenses and interest are paid) to be applied on this note, and any balance unpaid shall, in consideration of the use and rent of the property, be a valid and subsisting claim against the vendee.

"G. W. Robinson.

"E. A. Williams."

Appellant alleged that the note had not been paid, and prayed judgment for the amount thereof. The answer was as follows: They admit that they executed the "note." They allege that appellee E. A. Williams received no benefit for said notes or the purchase of said property; that he merely signed said notes as surety for the said G. W. Robinson, and further al-

leged that said notes were given for the purchase of certain property described in said note; and that it was agreed between plaintiff and defendant that the title and possession of the property described in said notes should remain in the plaintiff, Nashville Lumber Company Store, until said notes and interest thereon were fully paid. That said furniture was purchased by the defendant Robinson for the purpose of furnishing and running a boarding house in the town of Nashville, Arkansas, for the plaintiff. That said defendant Robinson ran said boarding house for said plaintiff until about the 1st day of February, 1908, when he discovered that he was running said boarding house at a loss, and thereupon quit said house and packed up all of said furniture and turned it over to the plaintiff, Nashville Lumber Company, stating at the time that he was unable to pay for said furniture, and that the Nashville Lumber Company accepted said property, and has since used it, and has sold, leased or in some way disposed of said property to parties who are now running said boarding house, and by virtue of its acceptance and use of said property it is now estopped from maintaining a suit for the purchase money thereof against either of the defendants. The appellees thus assumed the burden of proof, and the testimony in their behalf tended to prove that on the first day of November, 1907, the appellee, Robinson, rented a boarding house from the appellant at the price of $40 per month, under an arrangement that he was to board the laborers of the appellant, with a guaranty on the part of the appellant for the payment of their board. In order to run the boarding house, it became necessary for Robinson to buy quite a lot of furniture, which he purchased from the appellant, and executed to appellant the note in suit with E. A. Williams as his security; that the property purchased was removed from appellant's store to its boarding house, under the management of Robinson, and, after running said boarding house at a loss for three months, on the 1st day of February, 1908, Robinson threw up his contract, quit the boarding house, and packed all the furniture and locked it up in the house, and surrendered it, together with keys of said house, to appellant, who accepted it, and retained it, and afterwards used it or permitted its tenants to do so. There is no evidence to warrant the conclusion that appellant, in accepting the property,

if it did so, meant to receive it as a payment on the debt. But the evidence shows that appellant accepted it, if at all, as its own property, and not as the property of Robinson. It is unnecessary to set out in detail the evidence of appellant. It suffices to say that it shows that the furniture was never tendered to nor accepted by it, that it had nothing more to do with the furniture after same was sold to appellee Robinson.

The court gave at the request of appellees the following instruction:

"1.   When property is sold upon the condition that the title thereto shall remain in the seller until the purchase price is paid, the seller, upon maturity of the debt, may pursue either of two remedies. First: He may retake possession of the property, and thus in effect cancel the debt, or he may bring his action to recover the debt and thus affirm the sale and waive the reservation of title. So in this case if you believe from the evidence that the plaintiff agreed to sell the furniture described in the note to the defendant and reserved the title and possession therein until purchase price thereon was paid, and that the note sued on in this case was given for the purchase price of said property, and that after maturity of said note the defendants turned over to the plaintiff the possession of all of said property, and that it accepted said property or disposed of it, then the plaintiff could not bring this suit to collect the purchase price of said property, and you will find for the defendants as to the larger of the two notes."

Appellants asked the court to instruct the jury as follows:

"1.   The court instructs the jury that this is a suit upon two promissory notes, executed by the defendants to the plaintiff, for the purchase price of certain personal property of which plaintiff retained title, and the defendant Robinson claims that all of said property was returned to the plaintiff, and was accepted by it *in satisfaction of said notes,* and the burden of proof is on the defendant to establish their defense by a preponderance of the testimony, and if they fail to satisfy your minds that they, or either of them, turned over or delivered to the plaintiff or its authorized agent the property mentioned in the notes, and that the plaintiff accepted the same *in satisfaction of said notes,* then your verdict will be for the plaintiff.

"2. The court tells the jury that the mere fact that the defendant Robinson leaving [left] the personal property mentioned in the notes in the house of the plaintiff with or without its consent would not be such a delivery as would satisfy the notes, unless the plaintiff agreed to accept the same *in satisfaction thereof.*

"3. The court tells the jury that one who sells the personal property on a credit and takes notes retaining title until paid has two remedies; to either sue on the contract for the purchase price or to retake the property; and if you believe from the evidence in this case that the property was never turned over to the plaintiff or its authorizd agent by the defendants, or either of them, *in satisfaction of the notes,* and that the same was accepted by the plaintiff *in full satisfaction thereof,* and that plaintiff never at any time elected to insist on the return of the property, then your verdict will be for the plaintiff."

The court modified the above prayers by striking out the words: "in satisfaction of said notes," "in satisfaction thereof," "in full satisfaction thereof," and gave the prayers as thus modified. The appellant objected to the rulings of the court, and duly saved its exceptions. The verdict was for the appellees.

The appellant in its motion for new trial assigned as errors the rulings of the court which it urges here as grounds for reversal. The court overruled its motion, and it prosecutes this appeal.

*Sain & Sain,* for appellant.

*W. P. Feazel,* for appellees.

WOOD, J., (after stating the facts.)   1. There was evidence to sustain the verdict.

2. It will be observed that the note sued on contained the stipulation "that the title, ownership and possession does not pass from the Nashville Lumber Company's Store until this note and interest is paid in full, and the Nashville Lumber Company Store has the power to declare this note due and take possession of the above property whenever they deem themselves insecure," etc.

The appellant does not sue for the property, but for the purchase money. The only defense was that appellant had elected before the institution of the suit to retake the property. The ques-

tion of satisfaction of the note was not raised by the answer. The legal effect of the facts set up in the answer, if such facts were proved, was to show an election on the part of the appellant. Appellees introduced evidence tending to prove the allegations of its answer, and the court submitted the question to the jury under proper instructions. Appellant's prayer number one incorrectly states the defense set up by appellees. For it says: "Robinson claims that all of said property was returned to the plaintiff, and was accepted by it in satisfaction of said notes." The words "in satisfaction of said notes" were not used in the answer, and none of its allegations would warrant the conclusion that appellee Robinson was setting up the defense of payment or satisfaction based upon a contractual relation between appellant and appellees. But the allegations of the answer and the evidence adduced by the appellees shows that their defense was a cancellation of the debt by the election on the part of appellant to retake the property. The words "in satisfaction of the notes" introduced an issue not in the case, and were well calculated to confuse and mislead the jury. For, if the appellant elected to retake the property, and thus in effect to cancel the debt before this suit was brought, then it could not thereafter sue to recover the purchase money also. When this debt became due and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses. It could elect to retake the property, and thus in effect cancel the debt, or it could bring its action to recover the debt, and thus affirm the sale and waive reservation of title. *Butler* v. *Dodson*, 78 Ark. 569. But appellant, having taken the former course, as appellees allege, could not thereafter pursue the latter, and hence is barred of the right to recover in the present suit.

The judgment is affirmed.