GENERAL MOTORS ACCEPTANCE CORPORATION v. SALTER.

Opinion delivered January 24, 1927.

1. BILLS AND NOTES—NEGOTIABLE PAPER.—An instrument, to be negotiable under Crawford & Moses' Dig., § 7767, must be payable to order or to bearer.

2. BILLS AND NOTES—NON-NEGOTIABLE PAPER—DEFENSES.—A purchaser of non-negotiable instruments takes them subject to all defects or infirmities available to the maker against the payee.

3. APPEAL AND ERROR—INSTRUCTED VERDICT—EFFECT OF COURT'S FINDING.—Where both parties requested an instructed verdict, whereupon the court took the case from the jury and rendered a judgment, such judgment was the same as the verdict of a jury, and must stand on appeal if supported by substantial evidence.

4. PRINCIPAL AND AGENT—APPARENT AUTHORITY.—Apparent authority of an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing, which he appears to have by reason of his actual authority, or which reasonably prudent men, using diligence and discretion in view of the principal's conduct, would naturally suppose the agent to possess.

5. PRINCIPAL AND AGENT—APPARENT AUTHORITY OF SALES AGENT.—Where an agent took an order for a pumping and a lighting plant, delivered and supervised the installation of them, and took notes for their purchase, a reasonably prudent purchaser would naturally suppose that the agent had authority to agree to take the plants back if they did not prove to be satisfactory.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

*Raymond Jones,* for appellant.

*R. W. Robins,* for appellee.

HUMPHREYS, J.    Appellant instituted suit in the circuit court of Faulkner County against appellee to recover $381.61 upon a conditional sales contract for a Delco light plant, and $117.84 upon a similar sales contract for a pumping plant, alleged to have been executed by appellee to W. P. Galloway Company, Little Rock, Arkansas, in payment of the balance of the purchase money for said plants, and assigned to it (appellant) in due course, before maturity and for value, by the said W. P. Galloway Company.    The substance of the title-retaining notes or conditional sales contracts was set out and incorporated in the complaint, and copies thereof were attached as exhibits to the complaint.    In order to impress a lien upon the property, a summons and writ were issued upon the complaint, directing the sheriff of said county to take the property into his possession and hold same subject to the order of court.    The summons and writ were properly served, and the property was left by the sheriff with appellee.

Appellee interposed the defense that the title-retaining notes or conditional sales contracts were not negotiable instruments purchased by appellant in due course before maturity for value, that the light plant and pump did not operate satisfactorily, and that, in reality, there was no complete sale, because, at the time the machinery was left at his home, the salesman who was representing W. P. Galloway Company, and who delivered the outfits, signed an agreement, written on the stationery of W. P. Galloway Company, to the effect that, in the event that appellee should become dissatisfied with the outfits, or if he should not be in shape to meet the payments, the outfits would be removed from his premises without charge or cost to him, and that, in pursuance of this agreement, he notified the appellant, as well as W. P. Galloway

Company, that the outfits were not satisfactory, and that the same should be removed.

The cause was submitted upon the pleadings and testimony, at the conclusion of which both appellant and appellee asked peremptory instructions, whereupon the court withdrew the case from the jury and rendered judgment in favor of appellee, from which appellant has duly prosecuted an appeal to this court.

Appellant introduced in evidence the original orders signed by appellee for the lighting and pumping plants which were accepted by W. P. Galloway Company several days before the title-retaining notes or conditional sales contracts sued upon were signed. It also introduced a statement, signed by appellee, relative to his financial condition, which was made at the time the orders were signed. It also introduced the title-retaining notes or conditional sales contracts made the basis of the suit. It also introduced its assistant secretary and sales manager as witnesses, who testified, in substance, that it purchased the two title-retaining notes or conditional sales contracts from W. P. Galloway Company before maturity, paying $315 in cash for the one covering the Delco light plant and $97 in cash for the one covering the pumping plant; that, in the acceptance of said instruments, the only information appellant had concerning them was the provisions contained in the instruments themselves, the contents of the two orders for said plants, and the financial statement submitted by appellee to W. P. Galloway Company when he signed the orders.

It also introduced John V. Tedford as a witness, who testified, in substance, that he was the secretary of W. P. Galloway Company; that the orders, notes or contracts presented to him were the ones W. P. Galloway Company assigned to appellant before maturity for a valuable consideration; that E. H. Puryear was the salesman for W. P. Galloway Company, and that the only authority he had was to solicit orders for the Delco light products on the company's regular order blanks; that he

had no authority to make any agreements not embraced in the order blanks; that, when he went out to collect from appellee, he claimed to have a contract written on the company's letterhead and signed by Mr. Puryear, to the effect that he might return the plants if they did not give satisfaction, or in case he was not able to pay for them; that he refused to show the contract to him; that appellee said in the course of conversation that the lighting plant was working fine, but that the pump was not working right.

Appellee testified in his own behalf, in substance, to the effect that both plants were left with him by Emmett H. Puryear, as the representative of W. P. Galloway Company, for purposes of demonstration only, under a written agreement that they should be removed without expense to him in case he should become dissatisfied with them, or was unable to meet the payments; that the instruments sued upon were represented to him by said agent as receipts to show the company where the plants had been left; that they were long, and that he signed them without reading them, relying upon the statement of the agent as to their contents; that the written contract to remove the plants if he became dissatisfied with them was written upon a letterhead of the W. P. Galloway Company; that he never paid anything on the plants, although the instruments recite that he did; that the plant did not prove satisfactory; that the lighting plant would not carry the light the agent said it would, and that the pump would not work at all; that he notified the company to come and get the plants.

Appellant first contends for a reversal of the judgment because the undisputed evidence shows that it was an innocent purchaser for value before maturity of negotiable instruments made the basis of the suit. In support of its contention that the instruments sued upon were negotiable, appellant cites § 7767 of Crawford & Moses' Digest, defining negotiable paper. The fifth requisite of a negotiable instrument under that section is that it must be payable to order or bearer. The instru-

ments sued upon are lacking in that essential, and are not negotiable instruments. Since the instruments were not negotiable, but assignable only, appellant took them subject to all defects or infirmities available to the maker as a defense against the payee therein.

Appellant next contends for a reversal of the judgment because E. H. Puryear had no authority to enter into a written contract to the effect that the plants would be removed without expense to appellee in case they did not prove satisfactory. This contention is based upon the evidence of John V. Tedford, who testified that the authority of E. H. Puryear was restricted and limited to soliciting orders upon blanks of the company, subject to the approval of said company. Of course, if this was the extent of his actual or apparent authority, his subsequent written agreement would not be binding upon the company. The testimony introduced by appellee, however, tended to show that, in addition to soliciting the order, E. H. Puryear delivered and installed the plants and received the title-retaining notes or conditional sales contracts. It also appears that the agreement to take the plants back, if not satisfactory to appellee, was written upon a letterhead of W. P. Galloway Company.

These facts and circumstances are sufficient to sustain the verdict and consequent judgment fixing liability upon appellant, under the doctrine of apparent authority. Both parties asked for an instructed verdict, whereupon the court took the case from the jury and rendered a judgment in favor of appellee. The judgment is therefore the same as the verdict of a jury, and must stand on appeal, if supported by substantial evidence under any view of the law. The law of apparent authority is as follows:

"Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume, or which he holds the agent out as possessing; such authority as he appears to have by reason of the actual authority which he has; such authority as a reasonably

prudent man, using diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.''   2 C. J. 573.

Where an agent, as in the instant case, took the order for pumping and lighting plants, delivered and supervised the installation of same, and took notes or contracts for the purchase therefor, a reasonably prudent purchaser, in the exercise of diligence and discretion, would naturally suppose that the agent had authority to agree to take the plants back if they did not prove satisfactory.

No error appearing, the judgment is affirmed.