GALE & COMPANY *v.* WALLACE.

4-7910 194 S. W. 2d 881

Opinion delivered May 27, 1946.

Rehearing denied June 24, 1946.

*John L. Hughes,* for appellant.

*Kenneth C. Coffelt,* for appellee.

HOLT, J. July 27, 1945, appellant, plaintiff below, brought this action in replevin against appellee to recover possession of an automobile.

Appellant alleged in its complaint "that plaintiff is the owner and is entitled to the immediate possession of one 1941 DeLuxe Model Tudor Ford Automobile, Motor No. 18-6469065, of the value of six hundred and sixty-one and 50/100 dollars ($661.50); that the defendant, William Wallace, has possession of said automobile and unlawfully detains same. Wherefore plaintiff prays judgment for the recovery of said automobile, for one

hundred dollars damages for the detention thereof, and for all proper relief."

Appellee answered with a general denial and retained possession of the car by executing the necessary bond under § 11382, Pope's Digest.

By agreement, the cause was tried before the court sitting as a jury. The court made no specific findings of facts or declaration of law, but "finds the facts and the law in favor of the defendant." This appeal followed.

The facts disclose that appellee purchased the automobile in question from the Eastern Auto Company, a used car dealer in Little Rock, October 30, 1944, for $1,500. He made a down payment of $850 in cash, and orally agreed to pay the balance in monthly installments. Appellee was given a bill of sale and possession of the car. Thereafter, on November 25th and December 28, 1944, he made additional payments in the amount of $70, and on April 18, 1945, appellee made another payment of $47.25, or a grand total of $967.25, and thereafter made no more payments.

March 20, 1945, appellee, buyer, entered into a conditional sales contract with the Eastern Auto Company, seller, under the terms of which appellee agreed to pay $1,106 for the car here involved. A down payment of $526 was noted and "balance of time price" of $708.75 to be paid in fifteen monthly installments of $47.25 each. Title to the car was retained by the seller until payment in full of the purchase price, with right to repossess the car on failure to pay any installment when due. On the same date, appellee executed his note in favor of the Eastern Auto company in the amount of $708.75, "balance of time price," named in the contract, *supra*. The sales contract, together with the note, were duly assigned on March 21, 1945, to appellant, Gale & Company.

Appellant prosecuted this suit on the theory (1) that he was an innocent purchaser and holder for value before maturity of the contract and note in question here and entitled to recover on this ground, and in any event, (2)

that the sales price of the car in question was not in excess of the maximum ceiling price as fixed by the OPA under the authority of the Federal Emergency Price Control Act of January 30, 1942, 56 Stat. 23, 50 U. S. C. A., Supp. II, §§ 901 *et seq.*, as amended by the stabilization act of October 2, 1942; 56 Stat. 765, 50 U. S. C. A., Supp. II, §§ 961 *et seq.*, and the rules and regulations made pursuant thereto.

(1)

As appears from appellant's complaint, *supra*, appellant has elected to prosecute an action to recover and take the automobile, a right given to him only under the terms of the sales contract here. The note contains no provision for title retention or for repossession of the car. Having elected to take the property, an action to recover on the note is barred. In *McCain* v. *Fender*, 188 Ark. 1139, 69 S. W. 2d 867, this court said: "Where the vendor reserves title to a chattel until the payment of the purchase price, the sale is conditional and dependent for its consummation upon the performance of the condition that the purchase price shall be paid. When the debt becomes due the vendor, in sales of this character, may bring an action to recover the debt, and by this he affirms the sale and waives the reservation of title; or he may elect to take the property and, by doing so, cancels the debt. He may not, however, have both remedies, and, where he elects to retake the property an action to recover on the debt is barred. *Nashville Lumber Co.* v. *Robinson*, 91 Ark. 319, 121 S. W. 350; *Laird* v. *Byrd*, 177 Ark. 1144, 9 S. W. 2d 571."

The sales contract here was assignable, but not negotiable since it lacked the fourth requisite of a negotiable instrument under § 10159, Pope's Digest, which requires that it must be made payable to order or bearer. Since this sales contract was not negotiable, but assignable only, appellant took it subject to all defects or infirmities available to the maker (appellee here) as a defense against the payee therein. *General Motors Ac-*

*ceptance Corporation* v. *Salter,* 172 Ark. 691, 290 S. W. 584.

(2)

As noted, *supra,* the sales price stipulated in the contract of sale was $1,106. Mamie Landers, on behalf of appellee, testified (as abstracted in appellant's brief): "That she is chief clerk in the OPA office at Benton and has charge of the price charts and records in that office; that MPR 540 governs the ceiling price of used automobiles; that the ceiling price of a used 1941 Ford DeLuxe Tudor automobile at the time the car in controversy was sold was $845." William Wallace, appellee, testified (as abstracted by appellant): "That on October 30, 1944, he purchased a 1941 Model Ford DeLuxe Tudor Automobile from the Eastern Auto Company, a used car dealer in Little Rock; that he bought it from John Angenendt, a salesman for said company; that he agreed to pay for the car the sum of $1,500 and paid down in cash $850 and promised to pay the balance of $650; that no papers of any kind were executed for this balance at the time of sale, because of OPA prices and regulations; that he has since that time made two payments of $35 each and an additional payment of $47.25; that he has paid a total of $967.25; that he bought the car under a written warranty; that he later found the car not to be as guaranteed and tried to turn it back and the seller refused to take it; that on March 20, 1945, he executed the note and contract sued on; that all his dealings were with Angenendt; that he had no dealings with Gale & Company and knew nothing of such company until it had acquired the note and contract." The only other witness offered by appellee, Mrs. William Wallace, his wife, tended to corroborate the testimony of her husband.

The base selling price of the automobile involved here, under the rules and regulations of the OPA, was $845, as testified by Mamie Landers, chief clerk in the OPA office in Benton, but appellant argues that since the car here was sold with warranty, the seller or dealer, under OPA rules, could add 25 per cent. to the base price, equipment allowance, and 2 per cent. sales tax. The evi-

dence fails to show that the car here carried any extra equipment. No one testified as to any extra equipment items and in the sales contract, under "Itemize Extra Equipment," there is left a blank space, so in the absence of proof, nothing could be added to the base price for extra equipment items. The addition of 25 per cent. of the base price because the car was sold under a warranty was conditioned under the OPA regulations MPR 540 on the used car being in good operating condition and when the car so sold proves not to be in good operating condition, the dealer has made an overcharge in excess of the "permitted maximum price (the 'non-warranted' maximum price)," or base price. Here the testimony of appellee is undisputed that the car was not as guaranteed, that is, not in good operating condition, that he tried to turn it back for this reason "and the seller refused to take it," and therefore appellant was not entitled to add 25 per cent. to the base price of $845 because of the breach of said warranty. The only remaining item that appellant therefore claimed above the base sales price of $845 was the 2 per cent. sales tax, amounting here to $16.90, and when added to the base price would make a total of $861.90. Since appellee has already paid $967.25, which is more than the company had a right to charge for the car, and there is now no debt due, replevin will not lie. *Scott Furniture Company* v. *Maurer*, 208 Ark. 604, 187 S. W. 2d 185. The judgment therefore must be and is affirmed.