PROVANCE v. ARNOLD BARBER & BEAUTY SUPPLY CO.

4-9349                                                    235 S. W. 2d 970

Opinion delivered January 29, 1951.

*Dinning & Dinning,* for appellant.

*Beloit Taylor* and *A. D. Whitehead,* for appellee.

ROBINSON, J.   The appellee, Arnold Barber & Beauty Supply Company, filed suit in the Phillips Circuit Court alleging it had sold certain beauty shop equipment in the sum of $1,953.32 on a title retaining contract to Mrs. Opal Parker, and that there was a balance of $526.79 due on the purchase price, for which it asked judgment.   On the same day appellee filed an Affidavit and Bond, and obtained an Order of Attachment directing the Sheriff to take possession of the said property.

The appellant Virginia Provance, with permission of the Court, filed an Intervention in the case in which she alleged in substance that several months prior to the filing of this suit she had formed a partnership with Opal Parker and had purchased a one-half interest in the personal property in question; that she is now the owner of such one-half interest and has possession of the property and that such interest is not subject to attachment for any debt that might be owed by Opal Parker to appellee.   To this Intervention the appellee filed a Demurrer setting up two grounds, as follows: First, "The defendant Opal Parker had no title to the property purported to be sold to Virginia Provance, hence she could not acquire a partnership interest in property or chattels in which the defendant had no title of ownership"; Second, "Virginia Provance could not acquire a partnership interest in property or chattels in which the defendant had no title of ownership."

The trial court sustained the Demurrer. Intervener elected to stand on her Intervention and refused to plead further. Thereupon the court dismissed the Intervention and the Intervener has appealed to this Court.

It is our opinion the Demurrer should have been overruled. Under its title retaining contract the seller had two remedies: It could replevin the property or it could sue on the debt. It had to elect—it could not do both.

In the case of *Nashville Lumber Company* v. *Robinson*, 91 Ark. 319, 121 S. W. 350, the Court said: ''When this debt became due and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses. It could elect to retake the property and thus in effect cancel the debt, or it could bring its action to recover the debt, and thus affirm the sale and waive reservation of title.''

''When the debt becomes due the vendor, in sales of this character, may bring an action to recover the debt, and by this he affirms the sale and waives the reservation of title; or he may elect to take the property and, by doing so, cancels the debt. He may not, however, have both remedies, and where he elects to take the property, an action to recover on the debt is barred.'' *McCain* v. *Fender,* 188 Ark. 1139, 69 S. W. 2d 867.

In *Laird* v. *Byrd,* 177 Ark. 1114, 9 S. W. 2d 571, the Court stated: ''It is well settled in this State that one who sells personal property with reservation of title, upon the purchaser's default, may either treat the sale as cancelled and bring an action of replevin or treat the sale as absolute and sue for the purchase money.''

When appellee elected to sue on the debt in preference to filing suit to replevin the property, the sale was treated as absolute, and appellee was in the same position as it would have been if title had not been retained in the first place.

Reversed with directions to overrule the Demurrer.