OLIVER, WHEELER, THOMAS COMPANY, INC. *v.*

BOON, ADMINISTRATOR.

5-627                                              276 S. W. 2d 417

Opinion delivered March 21, 1955.

*Nance & Nance,* for appellant.

*Goldstein & Smith,* for appellee.

GEORGE ROSE SMITH, J. This is a suit brought by the Oliver, Wheeler, Thomas Company, and its trustee, to foreclose a deed of trust securing a promissory note for $430. The defense is that the note represented part of the purchase price of a tractor, that the tractor was repossessed by the creditor, and that the act of repossession canceled the debt. Upon the pleadings and a stipu-

lation of fact the chancellor sustained this defense and entered a decree by which the note and deed of trust were canceled.

On November 21, 1951, Felix Johnson and his wife bought a used tractor for $1,227.96. It may be inferred from the record that three separate corporations—two dealers and a finance company—were involved on the seller's side of the transaction. The appellants, however, do not seek to strengthen their position by reliance upon the fact of separate corporate entities, and we shall therefore treat the three companies as a single seller.

Instead of making a cash down payment upon the tractor the Johnsons executed the $430 note now sued upon, which was secured by a deed of trust upon forty acres of land. Neither the note nor the deed of trust describes the tractor or other personal property; the sole security is the land.

In addition to taking care of the down payment in this manner, the purchasers executed a conditional sales contract to secure the remaining balance of $797.96, which was payable in two equal annual installments. Except for a recital of a cash payment of $430, the title retaining contract makes no reference to the debt now in controversy and does not purport to secure any obligation except what is described as the unpaid balance of $797.96. The buyers defaulted in the payment of the second installment and consented to the seller's repossession of the tractor. The present suit was then brought upon the note and deed of trust. Felix Johnson died before the suit was filed; his estate is represented by an administrator.

The appellees rely upon the familiar rule that the vendor in a conditional sale has only two available remedies; he may either treat the sale as absolute and recover the debt or cancel the contract and retake the property. As we said in *Olson v. Moody, Knight & Lewis, Inc.*, 156 Ark. 319, 246 S. W. 3: "There is no suggestion in any of the Arkansas cases that a third remedy is open to a vendor who has conditionally sold personal property."

We adhere to our prior cases, but their rationale does not reach the case at bar. Here two distinct contracts arose from the same sale. Complete performance of the conditional sales agreement would not have satisfied the note, nor would payment of the note have affected the other contract in any way. Had the down payment been made in the form of cash rather than in the form of a note secured by independent collateral, the buyer would not have been entitled to a refund of his cash payment upon the seller's repossession of the chattel. The seller's position should not be worsened by the fact that he consented to accept a note in lieu of money.

Directly in point is *Franz* v. *Hair*, 76 Utah 281, 289 P. 130, 83 A. L. R. 990, where, as here, a note was given for the down payment, but the conditional sales contract recited a cash payment and did not purport to secure the note. It was held that the note was given as payment *pro tanto* and was not affected by the seller's repossession of the article sold. See also *Norman* v. *Meeker*, 91 Wash. 534, 158 P. 78, Ann. Cas. 1917D, 462. By contrast, in a case cited by the appellees, *Jones-Short Motor Co.* v. *Bolin*, 153 Wash. 198, 279 P. 395, the conditional sales contract did secure that part of the purchase price represented by a note, it being recited that upon default the full amount unpaid, "including any note given," should become due. The court held that a retaking of the property precluded the seller from enforcing the note.

These cases illustrate the distinction that we regard as decisive. When title is retained as security for the unpaid debt, the seller cannot be permitted to recapture the property and also to exact its price from the buyer. Nor does it matter that, as in the *Bolin* case, a part of the debt secured by the retention of title is also represented by a promissory note. But here the seller did not retain title to the tractor as security for the initial payment of $430. He waived the possibility of recourse to the chattel being sold, which is usually the principal security in a transaction of this kind, and elected to treat the down payment as a wholly distinct obligation. Repossession

of the property and enforcement of the note are not inconsistent remedies, any more than would be the retaking of the property and the retention of a cash down payment.

Reversed.