NOBLE GILL PONTIAC, INC. *v.* BASSETT.

5-1111                                                      297 S. W. 2d 658

Opinion delivered January 14, 1957.

*Roy & Roy,* for appellant.

*James M. Gardner,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is whether the seller of an automobile who has repossessed the car under a title retaining contract can sell the vehicle for less than the amount owed thereon at the time of repossession, and then collect the deficiency from the first purchaser. Appellee, J. L. Bassett, purchased an automobile from appellant, Noble Gill Pontiac, Inc.; $1,255.76 was paid in cash, leaving a balance of $1,491.60 to be paid in monthly instalments. Among other things, the contract of purchase provides:

"If Purchaser defaults on any obligation under this contract or if Seller or assigns should deem itself or said Car insecure, Seller or his representative may take

possession of said Car, and all equipment . . . wherever it may be found, and may enter upon premises therefor without notice or demand to Purchaser and without legal process, and Purchaser waives all claims for damage caused thereby, and the entire unpaid balance of said indebtedness shall at the option of the holder, without notice, become forthwith due and payable. Said Car may be retained by Seller, together with any and all amounts paid thereon which shall be considered compensation for the use of said Car, and Purchaser shall pay to Seller any costs for necessary repairs because of damages to said Car; or said Car may be sold at private or public sale . . . and all laws governing such sale are hereby waived by the Purchaser. The proceeds of any sale . . . shall be applied to the amount due hereunder and the surplus, if any, shall be paid to Purchaser; and in case of a deficiency Purchaser covenants to pay forthwith the amount thereof to the Seller'' . . .

It will be noticed that according to the above provision of the contract, if the seller repossesses the car he can keep it and do nothing further, or he can sell it and, if it fails to bring enough to offset the balance owed by the purchaser, the seller can collect the deficiency.

The question here is whether the seller can have both remedies — a repossession of the car and a deficiency judgment. At a time when appellee owed a balance on the car, it was repossessed by the seller, who then sold the automobile and later, filed this suit alleging that, after crediting appellee with the price received from such sale, there remained a deficiency of $583.13. The trial court held that appellant exhausted his remedies when he repossessed the car, and therefore could not collect the deficiency.

On appeal, appellant cites several Arkansas cases, contending that the reasoning in those cases, when followed to a logical conclusion, supports the theory that the seller may collect a deficiency after repossessing and reselling the automobile; that in effecting the remedy of repossession the seller is not barred from pur-

suing other remedies where the contract provides that such additional remedy may be had. Appellant cites as sustaining its view: *Brandon* v. *General Motors Acceptance Corporation*, 223 Ark. 850, 268 S. W. 2d 898; *Southland Tractors, Inc.* v. *Clayton*, 222 Ark. 539, 261 S. W. 2d 539; *Brigham* v. *Thrailkill*, 166 Ark. 548, 266 S. W. 958, 37 A. L. R. 97; *Oliver, Wheeler, Thomas Company, Inc.* v. *Boon, Admr.*, 224 Ark. 830, 276 S. W. 2d 417; *White* v. *Bragg*, 168 Ark. 670, 273 S. W. 7; *Wentworth Military Academy* v. *Marshall*, 225 Ark. 591, 283 S. W. 2d 868. All of these Arkansas cases are distinguishable from the case at bar. There are cases, however, from other jurisdictions that support appellant's theory. Several such cases are cited in an annotation on the subject in 25 A. L. R. 1490, but the annotation points out that *Nashville Lumber Company* v. *Robinson*, 91 Ark. 319, 121 S. W. 350, is to the contrary. That case is controlling here; it is directly in point, the contract having a similar provision with reference to the seller repossessing the property, reselling it, and applying the sale price on the debt owed by the first purchaser, and then collecting any deficiency. In the *Nashville Lumber Company* case, this court said: "When this debt became due and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses. It could elect to retake the property, and thus, in effect cancel the debt, or it could bring its action to recover the debt, and thus affirm the sale and waive reservation of title." The *Nashville Lumber Company* case has been cited with approval many times. This court has consistently held that in a conditional sale contract where the seller reserves title to the property until the purchase price is paid, he has either one of two remedies. He can waive the right to follow and reclaim the property by bringing a separate suit for the price and recover a judgment thereon; or, he can repossess the property, but when he does so, he thereby cancels the contract of sale and has no other remedy except for repossession of the article in question. See *Gordon Hollow Blast Grate Company* v. *Zearing*, 130 Ark. 535, 198 S. W. 97. In *Loden* v.

*Paris Auto Co.,* 174 Ark. 720, 296 S. W. 78, the court quoted with approval from *Nashville Lumber Company* v. *Robinson, supra,* as follows: " 'For, if the appellant elected to retake the property, and thus in effect to cancel the debt before this suit was brought, then it could not thereafter sue to recover the purchase money also.' Citing *Butler* v. *Dodson,* 78 Ark. 569, 94 S. W. 703; *Baker* v. *Brown Shoe Co.,* 78 Ark. 501, 95 S. W. 808; *White* v. *Beal & Fletcher Grocery Co.,* 65 Ark. 278, 45 S. W. 1060; *Bell* v. *Old,* 88 Ark. 99, 113 S. W. 1023. And in the case of *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 407, 140 S. W. 582, 36 L. R. A. (N. S.) 594, Ann. Cas. 1913C, 659, this court quoted with approval from *Bell* v. *Old, supra,* as follows: 'The principle is well established that the seller of personal property who has reserved title until the purchase price is paid may, upon default of payment, retake the property, and thereby cancel the debt, or he may sue to recover the debt, and thereby affirm the sale, in which case he looks to the debtor and not to the property; in the other case he looks to the property and not to the debtor.' "

"So, in such a case, the vendor has the right to elect which remedy he will pursue, and, having elected to pursue the one, he is precluded from pursuing the other." *Beene Motor Co.* v. *Dison,* 180 Ark. 1064, 23 S. W. 2d 971, citing *Nashville Lumber Co.* v. *Robinson.* And, in *McCain* v. *Fender,* 188 Ark. 1139, 69 S. W. 2d 867, the court said: "He may not, however, have both remedies, and, where he elects to retake the property an action to recover on the debt is barred." Citing *Nashville Lumber Co.* v. *Robinson.* The *Nashville Lumber Co.* case is also cited in *Gale & Company* v. *Wallace,* 210 Ark. 161, 194 S. W. 2d 881, where the court said: "When the debt becomes due the vendor, in sales of this character, may bring an action to recover the debt, and by this he affirms the sale and waives the reservation of title; or he may elect to take the property, and by doing so, cancels the debt. He may not, however, have both remedies, and, where he elects to retake the property an action to recover on the debt is barred." See also *Provance* v. *Arnold Barber & Beauty Supply Company,* 218

Ark. 274, 235 S. W. 2d 970, where the *Nashville Lumber Company* case is cited with approval, and *Oliver, Wheeler, Thomas Company, Inc.* v. *Boon, Admr.*, 224 Ark. 830, 276 S. W. 2d 417. The law is firmly established in this State that the seller cannot repossess the property on a title retaining contract, and then pursue the second remedy of collecting on the debt.

Affirmed.

CARLETON HARRIS, C. J., not participating.