165 So.2d 605 (1964)
FRED E. COOPER, INC., Plaintiff-Appellant,
v.
A. T. FARR, Jr., Defendant-Appellee;
H. T. Pannell, Intervenor-Appellant;
Gilbert Oil Company, Inc., L. K. McNatt, A. O. Barnette, Universal Mud & Supply Corporation, Intervenors-Appellees.
No. 10216.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1964.
Rehearing Denied July 2, 1964.
*606 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, John C. Morris, Jr., Rayville, for plaintiff-appellant.
Warren Hunt Rayville, curator ad hoc for A. T. Farr, Jr., defendant-appellee, and attorney for H. T. Pannell, intervenor-appellant.
Ellis & Ellis, Rayville, for Gilbert Oil Co., Inc., A. O. Barnette, and L. K. McNatt, intervenors-appellees.
Adams & Brocato, Shreveport, Cotton & Bolton, Rayville, for Universal Mud & Supply Corp., intervenor-appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
Ranking of privileges on a drilling rig and other oil-field equipment between a vendor of the property under a conditional sales contract, and laborers performing services and materialmen furnishing materials for use in the drilling of an oil and gas well is the object of this litigation.
Plaintiff's claim is predicated upon a conditional sale to defendant, A. T. Farr, Jr., of the drilling rig and equipment. The laborers' and materialmen's claims are based upon labor performed and materials furnished in the drilling of an oil and gas well by the defendant, Farr, through the use of the aforesaid rig and equipment located on leased premises in Richland Parish, Louisiana. Liens are asserted under the provisions of LSA-R.S. 9:4861 et seq.
Several of the lien claimants filed separate actions; others intervened in this action wherein plaintiff, under the aforesaid conditional sales contract, proceeded in rem and caused to be sequestered and seized the property and sought recovery of a judgment for a balance due on the purchase price. No issue was presented as to the character of the claims of the laborers and materialmen, nor as to the amounts thereof.
*607 These several actions were consolidated for the purpose of trial. The rights of the litigants were adjudicated in identical judgments entered in all cases. The liens of the laborers and materialmen were held superior to the claim of the plaintiff and were ordered paid by preference and priority from the proceeds of the sale of the property. From a judgment thus rendered and signed, plaintiff appealed.
The facts, undisputed or clearly established in the record, may be briefly stated. Fred E. Cooper, Inc., appellant herein, under date of October 8, 1959, sold unto defendant, A. T. Farr, Jr., a resident of the State of Arkansas, a complete drilling rig and equipment. This sale was partially on terms of credit. A conditional sales contract, wherein plaintiff retained title to the property sold until the purchase price was paid in full, was entered into in the State of Arkansas. The contract recited that the property was located and kept at defendant's "yard" on U.S. Highway 82 at Stamps, Lafayette County, Arkansas.
Plaintiff alleges, in its petition, and contends, in its brief, that the conditional sales contract concerned herein is governed by the laws of the State of Arkansas, where it was entered into and where the property at the time of the sale was located, and where it was to remain. The proof offered establishes not only the correctness of these contentions but the fact that the drilling rig and other machinery were to be used for the development of leases in the vicinity of Stamps, Arkansas, the locations of which were pointed out to plaintiff's representative at the time the contract of sale was executed.
The proof likewise established, without serious contradiction, that it was not in the contemplation of the parties that the rig and equipment would be moved to the State of Louisiana. In fact, plaintiff had no notice or knowledge of its removal to Louisiana and of its location in Sabine Parish until repair parts were ordered. Upon learning that the property was located in Sabine Parish, Louisiana, plaintiff, under date of September 13, 1962, caused its conditional sales contract to be recorded in the chattel-mortgage records of that Parish. Nor did plaintiff have any notice or knowledge of the subsequent removal of the rig and equipment to Richland Parish until a storm toppled the derrick and damaged the rig and equipment.
A conditional sale is generally defined as a contract for the sale of personal property under which possession is delivered to the buyer, but title to which is retained in the seller until the performance of some condition, such as the payment of the purchase price. 78 C.J.S. Sales § 553, p. 254. By such a contract, the vendee becomes at once immediately bound for the price, although the vendor continues as the owner of the property until the price is paid or other condition performed. Barber Asphalt Paving Co. v. St. Louis Cypress Co., Limited, 121 La. 152, 46 So. 193.
A conditional sales contract entered into under the laws of another state where such contracts are valid and where the property is located, and is to remain, and where such contract is not entered into to circumvent the laws of this State, and where the vendor did not consent to or have knowledge of the removal of the property to this State is enforceable in Louisiana. Fisher v. Bullington, 223 La. 368, 65 So.2d 880; Cobb v. Davidson, 219 La. 434, 53 So.2d 225; General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323; Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138; Universal C. I. T. Credit Corporation v. Hulett et ux., La. App. 3d Cir., 1963, 151 So.2d 705; Martino v. Fairburn et al., La.App. 1st Cir., 1954, 71 So.2d 358; Universal C. I. T. Credit Corp. v. Victor Motor Co. et al., La.App. 1st Cir., 1948, 33 So.2d 703; Finance Security Co., Inc., v. Mexic, La.App. Orleans, 1939, 188 So. 657; American Slicing Mach. Co. v. Rothschild & Lyons et al., 12 La.App. 287, 125 So. 499.
*608 Furthermore, knowledge of or consent to removal of the property from the state where the contract was entered into to another state where such contracts are also valid does not constitute a consent to a removal of the property to Louisiana. Nor can it be deemed therefrom that the parties intended or contemplated that the laws of Louisiana would govern the transaction. Fisher v. Bullington, supra. Therefore, the removal of the property first to the State of Texas and then to Louisiana is a matter of no importance.
The jurisprudence of this State relative to conditional sales is well established. The rule was appropriately stated in Universal C. I. T. Credit Corp. v. Victor Motor Co. et al., supra:
"In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor." (33 So.2d 703, 704.)
See, also: Associates Discount Corporation v. Bogard, 229 La. 389, 86 So.2d 76, 78.
The record is void of any proof that the conditional sales contract now under consideration was entered into to circumvent the laws of this State. Moreover, evident is the fact, as heretofore observed, that the contract was an Arkansas contract entered into therein with a resident of that State and with reference to property situated, and contemplated to remain, therein. Therefore, plaintiff, under its title-retention contract, is the owner of the drilling rig and other oil-field equipment constituting the subject matter of its conditional sales contract.
Under the statute, LSA-R.S. 9:4861 et seq., under which the laborers and materialmen assert their liens, it is provided that anyone who performs labor or service or furnishes any material or supplies in connection with the drilling of an oil or gas well shall have a privilege on, among other things, the drilling rig, machinery, appliances, and equipment located on the premises where such well is drilled for the payment of such labor and materials as well as for the cost of the preparation and recordation and 10% attorney's fees for the enforcement of such privileges. All such liens or privileges, when timely filed, are superior in rank to all other privileges or mortgages except taxes and bona fide vendors' privileges or mortgages previously filed for record.
The liens and privileges herein asserted by the laborers and materialmen extend to the drilling rig and equipment used in the drilling of the well located on the leased premises irrespective of the property's ownership. Under similar language employed in a prior statute, Act 145 of 1934, the Supreme Court, in Sargent v. Freeman et al., 204 La. 997, 16 So.2d 737, 738, declared:
"It is the clear intendment of the statute to create in favor of laborers and materialmen a lien on the drilling rig and equipment irrespective of whether it is owned by the person drilling the well or by a third person; otherwise, the statutory language cannot have any practical effect."
See, also: Oil Well Supply Co. v. Independent Oil Co. et al., 219 La. 936, 54 So.2d 330, 333; Blankenship v. Stovall et al., La.App.2d Cir., 1935, 159 So. 477; Boudreaux v. Moon Oil Co., Inc., La.App. 1st Cir., 1935, 158 So. 672.
Therefore, the conclusion is inescapable that the liens and privileges asserted by the laborers and materialmen extend to and cover the property constituting the subject matter of this controversy, notwithstanding plaintiff's ownership thereof by virtue of its conditional sales contract.
*609 Plaintiff contends, however, that, by bringing an action to recover the debt, instead of claiming title to the property, it has a vendor's lien on the property entitling it to be paid by preference. In this connection, it may be observed that, under the jurisprudence of the State of Arkansas, plaintiff, under its title-retention contract, could elect one of two remedies. It could claim title and replevin the property or it could sue on the debt; it had to elect; it could not do both. This was pointed out in Nashville Lumber Co. v. Robinson et al., 91 Ark. 319, 121 S.W. 350, 352:
"When this debt became due and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses: It could elect to retake the property, and thus in effect cancel the debt; or it could bring its action to recover the debt, and thus affirm the sale and waive reservation of title."
A similar observation was made in McCain v. Fender et al., 188 Ark. 1139, 69 S.W.2d 867, 868:
"When the debt becomes due, the vendor, in sales of this character, may bring an action to recover the debt, and by this he affirms the sale and waives the reservation of title; or he may elect to take the property and by doing so cancel the debt. He may not, however, have both remedies, and, where he elects to retake the property, an action to recover on the debt is barred."
The rule was similarly stated in Laird et al. v. Byrd, 177 Ark. 1114, 9 S.W.2d 571, 572:
"It is well settled in this state that one who sells personal property with reservation of title, upon the purchaser's default, may either treat the sale as canceled and bring an action of replevin, or treat the sale as absolute and sue for the purchase money."
The above authorities were quoted with approval by the Supreme Court of Arkansas in Provance v. Arnold Barber & Beauty Supply Co., 218 Ark. 274, 235 S.W.2d 970, 971, wherein the court emphasized:
"When appellee elected to sue on the debt in preference to filing suit to replevin the property, the sale was treated as absolute, and appellee was in the same position as it would have been if title had not been retained in the first place."
To the same effect was a prior ruling in Gordon Hollow Blast Grate Co. v. Zearing et al., 130 Ark. 535, 198 S.W. 97. The court, however, further observed:

"It is well settled that our statute does not create a lien in favor of a vendor of personal property for the unpaid purchase money; * * *." (Emphasis supplied.)
Inasmuch as ownership of the property was in plaintiff, it could not have a lien arising from a sale as there was no saleno divesture of title. The vendor's privilege afforded by our Civil Code is unique. As stated by the court in Brent v. Shouse, 16 La.Ann. 158, the vendor's privilege on a movable is unknown to the common law. At common law the seller must retain possession to have a lien. The rule is stated in 46 Am.Jur., pp. 677, 678, verbo "Sales," § 520, as follows:
"The common-law lien of the seller, as other common-law liens, depends upon either the possession or control of the property by the person claiming the lien. Such lien is lost if the seller permits the property to go into the actual possession of the buyer."
That this is the rule in Arkansas is borne out by the decision in Roberts v. Jacks, 31 Ark. 597, 25 Am.Rep. 584, and Weber Implement & Automobile Co. et al. v. Pearson, 132 Ark. 101, 200 S.W. 273, cited in 33 Am.Jur., p. 426, "Liens," § 17. What plaintiff has is a title-retaining contract; this is a complete, separate, and distinct security device from a chattel mortgage. *610 No vendor's lien, as we understand same to exist under the civil law, exists in plaintiff's favor. A title-retaining contract and a chattel mortgage are two separate and distinct contracts.
In Roy v. Notestine et al., 216 Ark. 447, 226 S.W.2d 66, the Supreme Court of Arkansas cited, with approval, its holding in Fox v. Arkansas Industrial Co., 52 Ark. 450, 12 S.W. 875, to the effect that a privilege granted a vendor under a conditional sales contract did not take precedence over the rights of a prior attaching creditor, and that said vendor on seizing the property acquired only the rights of a second attaching creditor. Therefore, though it be conceded that the conditional sales contract assumed, upon plaintiff's institution of an action to recover on the debt, the position of a completed sale, plaintiff has no vendor's lien on the property.
In the instant case, the claims of the laborers and materialmen arose and liens were filed and recorded prior to the action taken by plaintiff. At the time such claims arose and liens filed, plaintiff was the owner of the property by virtue of its conditional sales contract. A subsequent conversion of the contract into a completed sale was subject to the liens then existing and of record against the property.
Moreover, it may be pointed out that conditional sales are repugnant to the laws of this State. The retention of title and the reservation of a vendor's or other lien are contradictory and inconsistent and cannot be given effect in this State.
The recordation in the chattelmortgage records of Sabine Parish of plaintiff's conditional sales contract is a matter of no importance to a decision of the issues presented in this case. The instrument, when recorded, evidences only a retention of title. Such contracts are not required to be recorded, nor are the effects thereof affected by such recordation. The jurisprudence of this State has fixed the status of the vendors in conditional sales contracts as owners of the property, until the purchase price is fully paid or other precedent condition complied with. Overland Texarkana Co. v. Bickley, supra.
That a laborers' or materialmen's lien under the laws of the State of Arkansas may be inferior to and outranked by the claim of the vendor under a conditional sales contract is immaterial. The liens of these claimants arose not under the statutes of Arkansas but under the statutes of this State.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant's cost.
Affirmed.