160 So. 126

## J. S. ABERCROMBIE CO. v. LEHULU OIL CO. (COCKRELL et al., Interveners).

### No. 32786.

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

Pujo, Bell & Hardin, of Lake Charles, for appellant.

Howell & Deramee, of Thibodaux, for interveners.

O'NIELL, Chief Justice.

E. Cockrell, J. H. Gans, and J. H. Meek, Jr., entered into a contract with the Lehulu Oil Company, by which Cockrell and Gans and Meek subleased to the oil company four tracts of land on which the sublessors had mineral leases, recorded in the name of Cockrell. By the terms of the contract, the oil company was obliged to drill two wells to a specified depth and within a specified time, at the oil company's expense. At the same time the parties entered into an agreement, to be held in escrow, by which the three sublessors agreed to transfer to the oil company one-half interest in the four leases, on completion of the two wells according to the stipulations of the contract. The four leases referred to were (1) a lease by the Lafourche Land Company to Cockrell; (2) a lease by Robert E. Le Corgne to Cockrell; (3) a lease by Mrs. Palmire St. P. Cheramie and others to Cockrell; and (4) a lease by Celeste B. Ducros and others to Cockrell. All of the leases were on lands in Lafourche parish. Cockrell had many other leases on lands in Lafourche parish, but it was stipulated, with great emphasis and particularity, that these other leases were not included in or affected by the contract of sublease or the collateral agreement with Lehula Oil Company.

The oil company rented a drilling rig from J. S. Abercrombie Company, and bought materials from the same company, on credit, for the drilling of the wells on the lands subleased from Cockrell and Gans and Meek; and the oil company commenced drilling a well on one of the four tracts, namely, the tract which was originally leased from the Lafourche Land Company by Cockrell. The Lehulu Oil Company made a failure of the project; and J. S. Abercrombie Company sued the oil company for $7,470.35, due partly for rent of the drilling rig, partly for the materials sold and delivered to the oil company, and partly for laborers' claims which were assigned to J. S. Abercrombie Company. Claiming a lien, under the provisions of Act No. 161 of 1932, J. S. Abercrombie Company provisionally seized the well on the Lafourche Land Company lease, and the buildings, derrick, machinery, and equipment belonging to the oil company, and seized also seventeen leases, being the Lafourche Land Company lease, on which the well was drilled, and the Robert E. Le Corgne lease, and fifteen other leases belonging to Cockrell and not included in the contract of sublease or the collateral

agreement with the Lehulu Oil Company. The lease on the land of Mrs. P. St. P. Cheramie and others and the lease on the land of Celeste Ducros and others were not seized by J. S. Abercrombie Company, and are not involved in this suit.

Cockrell and Gans and Meek filed a petition of intervention and third opposition in the suit, averring that the lien claimed by J. S. Abercrombie Company did not extend to the seventeen leases which were seized, but extended only to the rights of the Lehulu Oil Company under the contract of sublease and the contemporaneous and collateral agreement, affecting the Lafourche Land Company lease, on which the well was drilled. The rights which the Lehulu Oil Company had had on the Lafourche Land Company lease (as well as the rights which the oil company had had on the three other leases included in the contract of sublease and in the collateral agreement with Cockrell and Gans and Meek) had come to an end by the oil company's failure to complete the drilling of two wells, as stipulated in the contract. The interveners, Cockrell and Gans and Meek, prayed for a dissolution of the writ of provisional seizure, for the release of their leases from seizure, and for damages caused by the seizure, including attorneys' fees for dissolving the writ.

The Lehulu Oil Company made no serious defense to the suit; and judgment was rendered against the company for the amount sued for, with recognition of the lien provided for in Act No. 161 of 1932, on the well, and the buildings, derrick, machinery and equipment, belonging to the oil company. The oil company has not appealed from the judgment.

The intervention or opposition of Cockrell and Gans and Meek was sustained by the court's decree, and the interveners or opponents were declared to be the owners of the leases that were provisionally seized, and the leases were declared to be not affected by any lien in favor of the J. S. Abercrombie Company, and were ordered released from the seizure. Judgment was rendered in favor of Cockrell and Gans and Meeks for $150 damages for loss of time, traveling expenses, etc., and for $750 for attorneys' fees incurred in dissolving the provisional seizure of the seventeen leases. J. S. Abercrombie Company has appealed from the judgment rendered in favor of Cockrell and Gans and Meeks.

It is conceded in the brief of the J. S. Abercrombie Company that Act No. 161 of 1932 does not confer a lien in favor of the lessor of a drilling rig to secure the payment of his rent. That concession, which is in accord with the language of the statute, eliminates from further consideration an item of $5,858 due to the appellant for rent of his drilling rig, and leaves for consideration only the item of $876 due for labor performed, and the item of $736.35 for materials furnished, in the drilling of the well. Act No. 161 of 1932, p. 524, gives to any one to whom wages are due for labor performed or services rendered in the drilling of a well for oil, gas or water, or in the operation of an oil well or a gas well or water well, a lien on the well "and the lease whereon the same shall be located" (section 1), and on the drilling rig, machinery, equipment, buildings and appurtenances, and structures thereto attached, for the drilling or equipment or operation of such lease; and the statute gives a similar lien to secure the

payment of the price of any material or supplies furnished and used for or in connection with the drilling of any such well, the latter lien, however, being second in rank to the lien in favor of workmen. It is quite certain that the expression "the lease whereon the same [meaning the well] shall be located" does not include the fifteen leases which belonged to E. Cockrell and which were expressly excluded from the contract between Cockrell and Gans and Meek, as sublessors, and the Lehulu Oil Company as sublessee. The language of the statute leaves no room for argument or interpretation in that respect. The only debatable question in the case is whether the lien in favor of the J. S. Abercrombie Company extends to the original lease from the Lafourche Land Company to Cockrell, on which lease the well was drilled by the Lehulu Oil Company, or is limited to the sublease of the oil company. We agree with the district judge that the lien does not extend to the original lease, not owned by the Lehulu Oil Company, but is limited to the sublease of the oil company, which drilled the well for its own account and at its own expense, and which alone owes the debts which are secured by the lien. A statute conferring a lien is never construed so as to impose, by implication, the lien upon the property of one who is not responsible for the debt, or upon the property of any one but the one who owes the debt. If the contract between Cock-

rell and Gans and Meek, on the one hand, and the Lehulu Oil Company, on the other hand, had been a contract of employment, under which the oil company was to drill the wells as the employee or as the agent of Cockrell and Gans and Meek, the lien securing the wages of the workmen, and the lien securing the price of material or supplies furnished to the oil company, would have affected the original lease belonging to Cockrell and Gans and Meek, of the land on which the well was drilled, because then the debts secured by the lien would have been the debts of Cockrell and Gans and Meek. But, as Cockrell and Gans and Meek are not at all responsible for the debts due for work done or for materials furnished in the drilling of the well, the leases belonging to Cockrell or Gans or Meek are not affected by the lien securing these debts.

■ There is no complaint in the appellant's brief with regard to the damages allowed to Cockrell and Gans and Meek. The allowance of $750 for attorneys' fees incurred in dissolving the provisional seizure of the leases appears to be reasonable, considering the extent of the services rendered and the amount which was originally involved; and the allowance of $150 for other expenses incurred in consequence of the seizure is sustained by the evidence.

The judgment appealed from is affirmed.