### ODOM v. McCLANAHAN (PHILP, Intervener).

No. 6038.

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

Rehearing Denied May 3, 1940.

Writ of Certiorari and Review Denied May 27, 1940.

Dickson & Denny, of Shreveport, for appellant.

Donald Lavine, of Oil City, for appellee.

DREW, Judge.

G. E. Odom instituted this suit under the provisions of Acts Nos. 47 of 1928 and 145 of 1934. He alleged that F. M. McClanahan was indebted unto various named persons for services rendered and labor performed, setting out the amount of the alleged indebtedness to each and totalling $1,191.19. Plaintiff alleged that the services rendered, labor performed, trucking and materials furnished were for use in connection with the drilling and/or operation of his certain oil and gas well situated in the West three-fourths of the NE¼ of NW¼, Section 31, Township 21 North, Range 15 West, Caddo Parish, Louisiana, containing 30 acres more or less.

Plaintiff further alleged that the said land was under lease to defendant by the Muslow Oil Company, Inc., during the time the indebtedness was contracted; and that the services rendered, labor performed, trucking and materials furnished were rendered and furnished between July 1st and August 4, 1938. He further alleged that the named creditors, eleven in number, were employed by defendant and the materials were purchased at his special instance and request; and that it is all due and unpaid. Plaintiff alleged that the said named laborers and materialmen had filed in the Mortgage Records of Caddo Parish an affidavit for the purpose of perpetuating and preserving the lien and privilege granted them by law and the mineral lease covering said land, together with the machinery, rigs and equipment situated thereon.

Plaintiff further alleged that said employees and materialmen had executed to him an assignment setting over to him the above set out claims for the purpose of collecting them; that he is entitled to a lien and privilege on the lease and all equipment thereon to secure the payment of said claims; and that he verily believes the well is about to be abandoned and the equipment removed from the said place where the labor was performed and the materials were furnished, so as to deprive him of his said lien and privilege.

Plaintiff prayed for citation and service in accordance with law; that a provisional seizure issue directing the sheriff to seize and take into his possession the rig, machinery, fixtures, pipe, tanks, appurtenances and equipment located upon the above described land.

Plaintiff further prayed for judgment against McClanahan in the full sum of $1,191.19, with legal interest from date until paid; for all costs of recording the lien above referred to and all other costs of court. He prayed for recognition of his lien and privilege and that the seized property be sold to satisfy said claim.

Plaintiff attached to his petition the following document signed and executed by the laborers and materialmen named in his petition. It is as follows:

"State of Louisiana
"Parish of Caddo

"Be it known that this day before me, Donald Lavine, a Notary Public in and for said Parish and State, personally came and appeared,———, who declared that they have made and appointed, and do hereby make, constitute and appoint G. E. Odom our true and lawful agent and attorney in fact, for them and in their name, place and stead for the purpose of collecting sums due them for labor, services and materials, which sums are set forth below opposite our names, in connection with the drilling and/or operation of that certain oil and/or gas well situated on the following described property in Caddo Parish, Louisiana, to-wit: The West three-fourths of the NE¼ of NW¼, of Section 31, Township 21 North, Range 15 West, Caddo Parish, Louisiana, being 30 acres more or less,— which land is now under lease in accordance with that certain oil, gas and mineral lease executed on the 8th day of June, 1938, by the Muslow Oil Company in favor of F. M. McClanahan.

"Hereby giving and granting unto our agent and attorney full power and authority to do and perform all and any act whatsoever requisite and necessary to be done in the premises, and particularly to prosecute our rights and claims under the provisions of Act 161 of 1932 and Act 145 of 1934, as fully, to all intents and purposes, as we might or could do if personally present, hereby ratifying and confirming all that our said agent and attorney may lawfully do by virtue hereof.

"Done and signed in my office in my presence and that of the two subscribing witnesses on this 4th day of August, 1938."

In his answer defendant admitted that the property described in the petition is under lease by him. He admitted that some sort of affidavit had been filed on record by the parties plaintiff, but denied that it constituted a legal, valid lien against said lease. He denied each and every other allegation of plaintiff's petition.

On these issues the case was tried on October 20, 1938. Prior to judgment in the case and on January 10, 1939, H. E. Philp intervened in the suit, alleging that he was the owner of the rig, machinery, pipe and fuel tank provisionally seized herein; that McClanahan never secured a lease on the land upon which he drilled and that there are no valid liens either for the workmen or materialmen and none has been signed by any workman or materialman. Intervenor alleged his property should be released from seizure and that he is entitled to recover damages in the sum of $2,000 against the plaintiff, being the amount of rent he has been deprived of by the machinery being under seizure.

Intervenor prayed for judgment declaring him to be the owner of the machinery; that it be declared free of any liens or privileges; that he be given possession of it, and for damages in the sum of $2,000.

Exceptions of no cause or right of action were filed to the petition of intervention by plaintiff, which were tried and overruled. They are not urged here.

Plaintiff filed answer to the petition of intervention in which he denied each article thereof.

The case was reopened and intervenor offered his testimony showing that he was the owner of the rig, machinery, etc., claimed by him and that he had leased it to McClanahan to drill a well to 6,000 feet on the property described in plaintiff's petition. He also showed the rental value of the rig and machinery, being the amount he claims to have lost due to the seizure.

The lower court awarded judgment in favor of plaintiff, G. E. Odom, as the agent of the named workmen and materialmen in the amount proved to be owing to each, totalling $1,101.09, with legal interest from judicial demand until paid and maintaining the writ of provisional seizure, recognizing plaintiff's lien and privilege upon the property seized. It also rendered judgment recognizing intervenor as the owner of the drilling rig, but recognized plaintiff's lien and privilege thereof. It ordered the property belonging to intervenor seized to be separately appraised and sold in the event the property owned by defendant, McClanahan, proved insufficient to pay the judgment in full.

Intervenor only has appealed from this judgment. Defendant is no longer before the court.

Intervenor set out four reasons which he claims should prevent judgment against his property—

1. That plaintiff has no right to bring this suit and seize his property for the reason he sued as an assignee and not the owner of the claim sued on, and there was no assignment of the claims proved.

2. That the claims and liens are invalid in that they were not signed by the workmen, and do not set out the nature and amount claimed.

3. That the property upon which intervenor's property was located was not under lease to the defendant; and

4. That the statute sued on has been considered in the case of J. S. Abercrombie v. Lehulu Oil Company, 181 La. 644, 160 So. 126, not to cover the property of intervenor, since he did not owe the claim or debt sued for.

■ Reasons 3 and 4 are disposed of contrary to intervenor's contention by the case relied on. Our appreciation of the Court's holding in that case is that the Company owing the debt did not have a valid and legal lease on the property on which the well was located and therefore the laborers could not and did not have a lien on the lease held and owned by others who did not owe the debt, but it awarded judgment to plaintiffs and recognized their lien and privilege on the well, buildings, derrick, machinery and equipment belonging to defendant and located on the land on which defendant had drilled but on which defendant had no lease.

Act 145 of 1934 is, for all purposes of this suit, the same as Act 161 of 1932, with the exception that the 1934 Act covers more and different kinds of labor and materials, as well as rent due on rig and drilling machinery.

The privilege and lien granted to laborers and materialmen is not conditioned upon the well being drilled under a valid lease. If the defendant has a valid lease, the privilege extends to the lease as well as to the machinery, rigs, etc., used to drill the well. If the property is not under lease—in this case the testimony shows it was not—although it is admitted to be in the answer, the lien and privilege is only on the machinery, rigs, buildings, etc., used to drill the well. The word "lease" is used for two purposes, one to bring the valid lease under the provisions of the Act, and the other to designate the location where the machinery, etc., which come within the provisions of the Act, must be located.

The second reason, viz, that the liens which were recorded are not in proper form and not signed by the workmen is without merit.

Section 1 of Act 145 of 1934 creates the lien and Section 2 of the Act provides "if a notice of such claim or lien, setting forth the nature and amount thereof, is filed for record and inscribed in the mortgage records of the parish where said property is located within sixty (60) days," etc.

■ Nowhere in the Act does it require that the lien claimant sign in person the claim he has. In the case at bar the claims were filed and recorded by a duly constituted and appointed agent and attorney in fact for the claimants, setting out the amount claimed by each of them; that it was for services rendered, labor performed and materials furnished in connection with the drilling of an oil or gas well on the property which is described therein. It is signed in the presence of two witnesses and a notary public.

It is a compliance with the Act.

■ The first reason set forth by intervenor, which we are discussing last, is that plaintiff had no right to stand in judgment for the reason he sued as assignee and not the owner, and furthermore, that there was no assignment.

Act 47 of 1928 provides as follows: "Section 1. Be it enacted by the Legislature of Louisiana, That when several parties have claims against a common defendant, or defendants, arising out of a common transaction, such as claims of laborers for their wages, said claimants, or any of them, may transfer and assign their claims to any person or persons for the purpose of collection by suit or otherwise, and in such case it shall not be necessary that such transfer or assignment be supported by a valuable consideration but it shall be sufficient that said transfer or assignment be in writing, and said assignee shall thereupon be authorized to collect said claims and to prosecute same to judgment should it be necessary."

The document under which plaintiff proceeded in this matter is quoted in the first part of this opinion. It is in the form of a power of attorney, yet it contains

almost the exact words which the above quoted Act says are sufficient to meet its requirements, that is, that it is in writing and authorized plaintiff to collect the claims and prosecute same to judgment if necessary.

Plaintiff's right to sue and stand in judgment should have been questioned in limine and failure to do so, we think, is fatal to intervenor's defense, based on this ground that raised for the first time after the case had been tried on its merits between plaintiff and defendant.

Whatever the document might be termed, it gave to plaintiff the right to collect claims and to prosecute them to judgment if necessary. He has done that and the judgment is in his favor as agent of the claimants, most of whom were present and testified in the case. In the judgment each of the claimants is named. Therefore, they are forever barred from instituting another suit claiming the same.

There is no dispute here over the amount found due by the lower court and defendant has not appealed.

Act 145 of 1934 grants to the laborers and materialmen a lien and privilege on the rig, machinery, tools, etc., used in drilling a well in search for oil or gas and located on the land on which the well is drilled, and this lien and privilege covers the drilling outfit used there, although it is not owned by the employer but has been leased from its · true owner. Boudreaux v. Moon Oil Company, Inc., La.App., 158 So. 672; Blankenship v. Stovall et al., La.App., 159 So. 477.

We therefore find the judgment of the lower court is correct and it is affirmed, with costs.