16 So.2d 737

**SARGENT v. FREEMAN et al.**
No. 35937.

Dec. 13, 1943.
Rehearing Denied Feb. 7, 1944.

John O. Davis, Mrs. R. P. Davis, and J. O. Davis, appearing for themselves, intervenors and third opponents as appellants.

John J. Robira, of Jennings, for plaintiff-appellee.

ROGERS, Justice.

This suit is brought under the provisions of Act 145 of 1934. Plaintiff alleges that Porter D. Freeman, Porter D. Freeman Oil Company, Inc., and Meraux Oil Corporation of Louisiana are indebted to him in the sum of $317 for labor performed and materials and supplies furnished in connection with the drilling of a well in search of oil and gas in the Parish of Acadia. The oil well and equipment, including the drilling rig, were provisionally seized, plaintiff asserting his lien and making oath to his belief that the lease and well were about to be abandoned and the equipment sold or removed. An additional sum of $11.50 is claimed by plaintiff to cover the cost incurred by him in executing and recording his lien. Interventions were filed, asserting laborers' claims and liens, by B. L. Coleman and six other persons jointly, and by R. C. Smith. Krause & Managan, Inc., intervened, asserting a materialmen's lien. John O. Davis, Mrs. R. P. Davis, and J. O.

Davis also intervened, alleging that they were the owners of the drilling rig and equipment provisionally seized and asking that it be restored to them. In their intervention, John O. Davis and his co-interveners attack the validity of the claims of plaintiff and of the other interveners.

Defendants, Porter D. Freeman and Porter D. Freeman Oil Company, Inc., did not answer plaintiff's petition or make any appearance in the case. A preliminary default was taken and confirmed against them when the case was tried on the merits. Defendant, Meraux Oil Corporation of Louisiana, filed an exception of no cause of action which was overruled, and then an answer denying generally the allegations of plaintiff's petition. The Meraux Oil Corporation, however, did not appear at the trial of the case and apparently is not contesting the claims of plaintiff and the various interveners.

Judgment was rendered by the district court in favor of plaintiff, John A. Sargent, and against the defendants, Porter D. Freeman Oil Company and Meraux Oil Corporation of Louisiana, maintaining the lien and privilege asserted by plaintiff. Judgments in rem were also rendered in favor of the interveners asserting laborers' and materialmen's claims and liens, subject to the prior lien of plaintiff. The exceptions and intervention filed by John O. Davis, Mrs. R. P. Davis, and J. O. Davis were dismissed, and they are appealing from the judgment.

The record is encumbered by irrelevant and disconnected pleadings and immaterial motions and objections to evidence. Re-

duced to its simplest terms, the question involved is whether, under Act 145 of 1934, John A. Sargent, plaintiff, and the interveners asserting liens are entitled to a lien and privilege on a drilling rig and equipment, the ownership of which is claimed by John O. Davis and his co-interveners.

Appellants contend, first, that the indebtedness asserted by appellees was not created by any one having authority to do so; second, that the work performed and the materials furnished by appellees were not of such a nature as to entitle them to a lien under the provisions of Act 145 of 1934; and, third, that the filing of the liens and the seizure of appellants' property violate the due process clauses of the Federal and State Constitutions.

■ First. None of the defendants, nor any of the other interveners, asserting their laborers' or materialmen's liens have appealed and it must therefore be presumed that they are satisfied with the correctness of the judgment. Without going into detail it suffices to say that the evidence shows that the work was authorized by the defendants or their agents.

John A. Sargent, the plaintiff, testified that he performed the work and furnished the material upon the authorization of P. D. Freeman. C. N. Garman, a witness for Krause & Managan, testified that the materials for drilling the well were ordered from his company by P. D. Freeman and the Meraux Oil Corporation. Lovell Laughman and B. L. Coleman testified that P. D. Freeman was in charge of the operations connected with the drilling of the oil well. No testimony was offered by appellants to contradict the statements of these witnesses or to prove that P. D. Freeman was not authorized to have the work done or to procure the materials and supplies used in the drilling of the well.

■ Second. The issue raised by this contention relates to the generators used in connection with the drilling of the well. John A. Sargent testified that the materials listed and labor shown on the statement annexed to his petition were actually furnished and performed by him in connection with the drilling of the oil well. The statement shows, among other items, a charge of $175 for a generator Sargent furnished the defendants and which was used and retained by them in their drilling operations.

The evidence shows that a generator is a necessary part of the equipment used in drilling an oil or gas well and that it is essential to the uninterrupted drilling of the well that the generator be kept in good repair. The evidence further shows that the work was performed and the materials were furnished as claimed by plaintiff and other lienors. The labor performed by plaintiff consisted in the main of repairing a generator which was used in drilling the well and the materials furnished by plaintiff consisted of a complete generator, and parts of a generator, which was also used in drilling the well. It is clear therefore that the claims of the lienholders asserted in this proceeding are covered by the provisions of Act 145 of 1934, dealing with liens and privileges in favor of laborers, materialmen and the like on oil, gas and water wells and wells drilled in search of oil, gas or water and on the lease on which the

well is located and all the machinery, tanks and other equipment used in the drilling operations.

■ Third. Under the facts disclosed by the record and the provisions of Act 145 of 1934, the drilling rig provisionally seized herein is subject to plaintiff's lien and the lien of the other furnishers of labor and material used in drilling the oil well. It is the clear intendment of the statute to create in favor of laborers and materialmen a lien on the drilling rig and equipment irrespective of whether it is owned by the person drilling the well or by a third person; otherwise, the statutory language cannot have any practical effect. In two cases decided by the Court of Appeal for the First Circuit, where liens were asserted under the provisions of Act 161 of 1932, which was superseded by Act 145 of 1934, on drilling equipment claimed by third persons, the court held that the equipment was subject to the liens irrespective of its ownership. These cases are: Boudreaux v. Moon Oil Co., La.App., 158 So. 672; Blankenship v. Stovall, La.App., 159 So. 477.

■ Appellants' argument that Act 145 of 1934 is violative of the due process clauses of the Federal and State Constitutions is not tenable. The statute, so far as it creates a lien with a right of action to enforce the lien in favor of laborers, materialmen and the like, is valid legislation. The action created by the statute is purely an action in rem. There is no indication or suggestion in its provisions permitting the rendition of a personal judgment.

It is within the power of the Legislature to enact laws to protect laborers and materialmen by creating liens in their favor on the machinery and equipment used in drilling wells in connection with which their labor is performed and materials furnished. The fact that the liens thus created may affect the drilling equipment of a third person who permits his property to be placed on the leased premises and used by the lessee, his agent or his employee in drilling operations does not alter the legal situation.

It has been the law of this State for many years that a lessor is entitled to a lien and privilege for his rent on any property, with a few exceptions, found in the leased premises regardless of who may own the property. Code Prac. art. 287.

Under Act 298 of 1926, laborers and materialmen are protected by liens upon the land and buildings on which the labor has been performed and the materials furnished regardless of their ownership. Act 10 of 1890, as amended by Act 208 of 1908, creates a lien in favor of persons who perform labor or render services in deadening, felling, cutting, hauling, banking, driving, running, rafting or booming logs, timber or staves. Act 27 of 1894 creates in certain cases a similar lien on syrup, sugar and molasses manufactured from sugar cane regardless of the ownership of the manufactured products. And Act 209 of 1926 provides for a similar lien in favor of a person repairing motor vehicles and machinery irrespective of the ownership of such vehicles or machinery.

No one, so far as we have been able to ascertain, contends that the laws creating the liens to which we have referred deprives the owner of his property without

due process of law, or denies to him the equal protection of the law. The evidence in this case shows that appellants permitted the drilling rig and equipment, which they allege is owned by them, to be placed on the leased premises and used in the drilling of the oil well. They have also been afforded the opportunity of appearing in court and asserting their claim and having it adjudicated upon.

In these circumstances, we fail to see wherein appellants have been deprived of any of their fundamental rights.

For the reasons assigned, the judgment appealed from is affirmed.