JHJ LIMITED I

v.

CHEVRON U.S.A., INC.

Civ. A. No. 82–882–A.

United States District Court,
M.D. Louisiana.

July 21, 1983.

F. Neelis Roberts, Gordon, Arata, McCollam & Stuart, New Orleans, La., for plaintiff.

John C. Christian, M. Taylor Darden, New Orleans, La., for defendant.

JOHN V. PARKER, Chief Judge.

This matter is presently before the court on defendant's uniquely styled motion for summary judgment to dismiss the petition and to dissolve a writ of sequestration for failure to state a claim upon which relief can be granted. The motion is opposed. Oral argument is not necessary.

The history behind this motion began when Robert Wunsch leased approximately 127 acres of land in Livingston Parish to Chevron. Chevron negotiated with Martin Exploration Company for a farm-out agreement affecting a portion of the Chevron lease. Under the terms of the farm-out agreement, Martin could not acquire an interest in the Chevron lease covering the farm-out acreage until it had completed a well as a commercial producer. Martin then contracted with plaintiff JHJ Limited I to drill a well. Before the well was completed, Martin suspended drilling operations and has taken no further action toward completion of the well. Since Martin failed to fulfill the conditions of the farm-out agreement, it never acquired an interest in the Chevron lease.

Plaintiff's claim arises out of the failure of Martin Exploration Company to pay for almost two million dollars worth of supplies, equipment, and labor plaintiff claims it furnished in connection with the drilling of the well abandoned by Martin. When it became apparent that Martin would not be able to meet its obligations, plaintiff recorded a lien on the Chevron lease and had Chevron's leasehold interest sequestered.

Chevron now moves the court to dissolve the writ and to dismiss the action. Chevron claims that since Martin has never owned any interest in the Chevron lease and since Martin is solely responsible for all drilling costs under the terms of the farm-out agreement, Chevron's lease cannot be subject to the privilege created by La.R.S. 9:4861. The plaintiff responds that Martin's lack of interest in the lease is irrelevant; the language of La.R.S. 9:4861, plaintiff argues, clearly entitles plaintiff to a privilege on the lease on which the well was located.

Under La.R.S. 9:4861, any person who provides labor or services in drilling a well has a privilege over "all oil or gas produced for the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells *and the lease whereon the same are located,* and on all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks, and other structures thereto attached or located on the lease." (Emphasis added) It is undisputed that the well drilled by Martin is located on the Chevron lease. Both sides agree that Martin does not own an interest in the Chevron lease. The issue, then, is whether La.R.S. 9:4861 means what it says, i.e., that the plaintiff has a privilege over "the lease whereon" the well is located.

No Louisiana case is directly on point; however, jurisprudence lies scattered around the issue—jurisprudence which is unfortunately accompanied by sometimes misleading dicta when taken out of its factual context. Nevertheless, those holdings which appear to be fairly solid and are somewhat related to the issue at hand are that

1) the lease on which the well is located defines the area subject to the privilege, *P.H.A.C. Services, Inc. v. Seaways Inter-*

*national, Inc.*, 393 So.2d 117 (La.App. 1st Cir.1980) *affirmed*, 403 So.2d 1199 (La. 1981). See also *Abercrombie Co. v. Lehulu Oil Co.*, 181 La. 644, 160 So. 126 (1935) where the privilege was restricted to a sublease;

2) a lease must exist—the privilege does not attach to the land owner's property, *Tracy v. Hewitt*, 92 So.2d 757 (La.App. 2d Cir.1957); *Odom v. McClanahan*, 196 So. 382 (La.App. 2d Cir.1940);

3) the privilege attaches to all property listed in the statute, regardless of who owns that property, *Blankenship v. Stovall*, 159 So. 477 (La.App. 2d Cir.1935); and

4) the statute "does not require a contract or any contractual relationship between the furnisher of the materials and the owner, operator, producer or driller of the oil well." *Oil Well Supply Co. v. Independent Oil Co.*, 219 La. 936, 54 So.2d 330, 331 (1951). *See also Sklar v. Oil Incomes, Inc.*, 133 F.2d 512 (5th Cir.1943).

In this case Chevron obviously was interested in having a well drilled on the land it held under lease. Chevron could have negotiated a simple bilateral contract with a drilling contractor to have the well drilled for a certain sum. If the driller in turn contracted with various subcontractors to supply the labor and materials it needed in order to drill the well, there is no doubt that La.R.S. 9:4861 would authorize unpaid subcontractors to assert a privilege over the Chevron lease. *See, e.g., Oil Well Supply Co. v. Independent Oil Co., supra.*

Here Chevron chose to use a farm-out agreement, which is simply a contract under a suspensive condition, in order to get a well drilled on the acreage. Under the farm-out agreement the lessee does not contract to have the well drilled for a certain sum; instead, the lessee agrees "to assign oil and gas lease rights in acreage upon the completion of a drilling obligation and performance of the other provisions therein contained." *Chevron U.S.A., Inc. v. Aguillard*, 496 F.Supp. 1031 (M.D.La. 1980).

 Whether the lessee chooses to enter a bilateral contract or a contract under a suspensive condition is irrelevant as far as the application of La.R.S. 9:4861 is concerned. In either instance, the lessee is contracting to have a well drilled on the leasehold. In either instance, the furnisher of labor and supplies to a drilling operation may obtain a privilege over "the lease whereon the [well is] located."

Accordingly, defendant's motion for summary judgment to dismiss the petition and to dissolve a writ of sequestration for failure to state a claim upon which relief can be granted is hereby DENIED.