507 So.2d 280 (1987)
P & A WELL SERVICE INC., Plaintiff-Appellee,
v.
BLACKIE'S POWER SWIVELS INC., Defendant-Appellant.
No. 86-604.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
Perrin, Landry, et al. Allen L. Durand, Lafayette, for defendant-appellant.
Mestayer and Simon, S. Gerald Simon, New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and KNOLL, JJ.
KNOLL, Judge.
Blackie's Power Swivels, Inc. (Blackie's) appeals the judgment of the trial court *281 granting a motion for partial summary judgment in favor of P & A Well Services, Inc. (P & A) which orders the cancellation of two oil and gas well liens. The trial court concluded Blackie's first lien was filed against the wrong property and its second lien was not timely filed and that, even if timely filed, Blackie's was not entitled to a lien against P & A because Blackie's furnished the oil field equipment to a third party, Fishing Tools Services, Inc. (Fishing Tools), not P & A. Blackie's contends the trial court erred: (1) in holding that a person who furnishes equipment used in connection with the drilling of an oil well is not entitled to a lien if he furnishes the equipment to a subcontractor of the drilling contractor instead of directly to the drilling contractor; and (2) in granting a motion for partial summary judgment when there existed a genuine issue as to a material fact. We affirm.

FACTS
On July 31, 1984, Blackie's leased a Bowen power swivel, an oil field drilling tool, to Fishing Tool for $400 per day. In turn Fishing Tool rented the Bowen power swivel to P & A for use in its workover operation as well contractor. P & A used the swivel only two days and paid Fishing Tool rental as agreed upon. Fishing Tool did not return the swivel it rented from Blackie's until October 15, 1984.
Because of Fishing Tool's nonpayment of $29,930 for the Bowen power swivel rented to it and purportedly used by P & A, on October 16, 1984, Blackie's filed a lien notice against certain oil/gas leases where P & A was performing workover operations in St. Martin Parish. P & A then filed suit against Blackie's for cancellation of the lien and damages from filing an improper lien. Blackie's answered and reconvened against P & A for recognition of the lien and payment of the rent due on the power swivel. After discovery depositions were taken, Blackie's "amended" its earlier lien to delete the property described therein and to substitute the Dow Chemical No. 1 well in its stead. Blackie's then amended its reconventional demand to describe the Dow Well, which was not designated in the first lien, and to include Edward and Margaret Estis, owners of the oil well and sole stockholders of P & A, as parties defendant with P & A. The litigants ultimately filed cross-motions for summary judgment limited to the question of the enforceability of the two liens filed.

NUMBER OF LIENS FILED
The trial court concluded that although Blackie's referred to the second lien it filed as an amended lien, it was a new lien because it was effective against an oil well not described in the initial lien. We agree.
Although Blackie's does not address this issue in its assignments of error, we comment on the question to clarify this opinion.
The first lien, though filed within 180 days as required by the lien act, was clearly filed against the wrong property. As determined by the trial court the second lien was a new lien because it applied to a totally different oil lease. Therefore, the lien which we treat in this opinion is the second lien, the one filed more than 180 days after the purported use of the power swivel on the leased premises.
Accordingly, the trial court's judgment granting the cancellation of the first oil well lien was correct and is affirmed in this opinion.

OIL WELL LIEN RECORDATION
Although Blackie's neither briefed nor assigned as error the trial court's finding that its second lien was ineffective because it was filed more than 180 days, it is clear that Louisiana Materials Co., Inc. v. Atlantic Richfield, 493 So.2d 1141 (La. 1986), is dispositive of this issue and is adverse to the trial court's ruling. As in Louisiana Materials, Blackie's lien, though filed more than 180 days from the date the last work was performed, was filed nonetheless within one year of the day *282 of the last work performed and, therefore, was timely filed. Though the trial court's ruling on this issue would be correct under the 1986 amendment to R.S. 9:4862, at the time this second lien was filed the trial court's contrary holding is clearly erroneous on this issue as a matter of law.

SUMMARY JUDGMENT
The trial court also ruled that Blackie's was not entitled to a lien against the Dow Well because Blackie's had not supplied the equipment directly to P & A. It reasoned that P & A leased from Fishing Tool and timely paid for the rental. Accordingly, Blackie's was the furnisher of a furnisher and, therefore, did not fall under the ambit of the oil well lien statute.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
Blackie's argues that there was a question of fact concerning its status as a furnisher of equipment. Particularly it contends that it knew that Fishing Tool was renting the power swivel for P & A because P & A owed money to Blackie's. In support of its position Blackie's relies on the deposition of its owner/president, Adam Guilbeau. We have carefully reviewed Mr. Guilbeau's testimony and although P & A's prior indebtedness to Blackie's is borne out by the record, there is no support for Blackie's contention that it knew Fishing Tool was acting as an intermediary for P & A.
Likewise, Blackie's reliance on Oil Well Supply Co. v. Independent Oil Co., 219 La. 936, 54 So.2d 330 (1951), is misplaced because, unlike the present facts, that case clearly reveals that Oil Well Supply Co. furnished materials and supplies directly to the oil well contractor. In the present case it is equally clear that Blackie's supplied nothing directly to P & A.
LSA-R.S. 9:4861 grants a privilege or lien to "any person who performs any labor or service" and to "[a]ny person who... furnishes any ... machinery, equipment, material or supplies for or in connection with the drilling of any well or wells in search of oil, gas or water, or for or in connection with the operation of any oil, gas or water well or wells, ..." (Emphasis added.) Liens and privileges are stricti juris, are in derogation of common rights and may not be extended by way of construction to cover situations not clearly intended to be comprehended by them. Willis v. Mills Tooke Properties, 42 So.2d 548 (La.App. 2nd Cir.1949).
When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit. LSA-C.C. Art. 13. Louisiana courts are obligated to give legislative expressions effect as written. Lor, Inc. v. Martin Exploration Co., 489 So.2d 1326 (La.App. 1 Cir.1986), writ denied, 493 So.2d 1217 (La.1986).
In ruling adversely to Blackie's, the learned trial court stated:

"[I]t would seem that the furnisher of a furnisher argument advanced by plaintiff is a valid argument, because it is designed as that type of lien statute it is to protect the furnisher of materials and labor and equipment when they *283 directly supply one of those three things to a construction site, knowing that if, in fact, the one that they contracted with does not pay them, then they're entitled to a privilege against a site. That's the theory behind this type of lien statute. Presumably people know the law. Presumably a furnisher of materials, labor and equipment can take comfort from that law and take more of a risk in supplying than they ordinarily would because they have another way to collect, although not a personal cause of action, an action against the oil well in this case. So when we have a situation where the furnisher does not even know that his equipment is going to eventually end up on certain property and being used for a certain purpose by a certain person, then how can it be said that they relied at all on theand took comfort from the liens statute? Their motive in furnishing the equipment was not to supply the site with anything. It was rather to collect rent from someone that they rented to and that the only reliance that they had of getting paid was the credit standing that they felt their lessee had."

We agree.
Although Ogden Oil Co., Inc. v. Venture Oil Co., 490 So.2d 725 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 328 (La.1986), stands for the proposition that R.S. 9:4861 et seq. does not require any contractual relationship between the furnisher of the materials and the owner, operator, or driller of the oil well, nonetheless, the statute in question requires that equipment supplied be furnished for a drilling of the well. In the case sub judice Blackie's furnished the equipment to Fishing Tool as part of a rental agreement and not for use in the drilling of P & A's well. Accordingly, the record is void of any evidence that Blackie's furnished P & A with any equipment.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to Blackie's Power Swivels, Inc.
AFFIRMED.