Dear Mr. Burton:
On behalf of Fire Protection District No. 3 of Beauregard Parish, you have requested the opinion of this office regarding the collection of the service charges the District is authorized to impose and collect in accordance with R.S. 40:1502.2. R.S.40:1502.2(C), the portion of the statute that is pertinent to your inquiry, states with regard to collection of the service charges that:
 "The sheriff of Beauregard Parish may use any reasonable means to collect and enforce the collection of such service charges, including any means authorized by law for collection of taxes."
Specifically, you ask whether this provision grants the sheriff implicit authority to file a lien establishing a privilege for payment of the service charge due the District, and if so, whether R.S. 47:2111 establishes the prescriptive period within which suit must be instituted to enforce collection. You also ask whether the sheriff has authority, under R.S. 47:2180, et seq, to sell immovable property at a tax sale in order to enforce payment of the service charge.
The jurisprudence of this state has clearly provided that liens and privileges are to be strictly construed, as they are in derogation of common rights, and may not be extended by way of construction to cover situations not clearly intended to be comprehended by them. Hebert Abstract v. Touchstone Properties, Ltd., 914 So.2d 74 (5th Cir. 1990); Blasingame v. Anderson, 108 So.2d 105 (La. 1959); Southport Petroleum Co. of Delaware v. Fithian, 13 So.2d 382 (La. 1943); P. A. Well Service Inc. v. Blackie's Power Swivels Inc., 507 So.2d 280 (La.App. 3rd Cir. 1987), writ denied, 513 So.2d 288 (La. 1987).
In our opinion, a lien is not a collection procedure, but is instead a security interest in property, which would have to be specifically authorized by the statute in question. Unlike a collection procedure, a lien is a substantive liability imposed in connection with an obligation, as well as a substantive right granted in favor of an obligee. Attorney General's Opinion No. 90-280.
It is our opinion that R.S. 40:1502.2 does not expressly grant a lien or privilege for the service charges payable to the District, rather, the statute only authorizes the District to utilize "collection" procedures as are otherwise utilized in the collection of taxes. As such, it is the opinion of this office that the Sheriff of Beauregard parish has no authority to file or place liens on any property in connection with the delinquent or unpaid service charges of the District.
Since the District is not granted a lien as security for the payment of its service charges, the need to answer your question regarding prescription is obviated. Additionally, since the District is not granted a lien or privilege on property subject to its service charge, the property cannot be seized and sold as at tax sale.
I trust this adequately responds to your inquiry. As always, it is a pleasure working with you and I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 310n